IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 09-01-BU-DWM |
| | CV 12-76-BU-DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION |
| | AND DENYING CERTIFICATE |
| JAMES DAVID CNOCKAERT, | OF APPEALABILITY |
| Defendant/Movant. | |

---

On October 31, 2012, Defendant/Movant James Cnockaert ("Cnockaert"), a federal prisoner proceeding pro se, filed a timely motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

The motion is subject to preliminary screening to determine whether an Answer or other response is required. Rule 4(b), Rules Governing § 2255 Proceedings. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous

1

applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

Cnockaert was charged with receipt and with possession of child pornography, violations of 18 U.S.C. § 2252A(a)(2) and (a)(5)(B). Following a bench trial, Cnockaert was convicted of both counts, but the receipt conviction was vacated at sentencing pursuant to *United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009). On the possession conviction, Cnockaert was sentenced to serve 36 months in prison, to be followed by a ten-year term of supervised release. Judgment (doc. 63) at 1-3.

Cnockaert appealed, challenging the sufficiency of the evidence to support his conviction. On May 9, 2011, the Ninth Circuit Court of Appeals rejected his arguments and affirmed his conviction. *United States v. Cnockaert*, No. 10-30089 (9th Cir. May 9, 2011) (unpublished mem. disp.) (doc. 75). Cnockaert petitioned the United States Supreme Court for a writ of certiorari, but the petition was denied on November 7, 2011. *Cnockaert v. United States*, __ U.S. __, 132 S. Ct. 550 (2011).

In his § 2255 motion, Cnockaert contends that trial counsel David Merchant was ineffective because he "failed to properly prepare or research the case." Mot. § 2255 (doc. 82) at 4 ¶ 5A. He alleges that Merchant failed to provide an adequate

2

expert disclosure and so was precluded from calling his expert at trial, and he claims that his expert could have provided testimony negating the prosecution's evidence that Cnockaert exerted dominion and control over the images. *Id.* at 4 ¶¶ 5A, B. Cnockaert attaches to his motion excerpts apparently provided by an expert witness retained by Merchant. The witness was not called to testify at trial.

A portion of 67 images on a Sony VAIO laptop supported Cnockaert's conviction and counted against him at sentencing. They were located in a folder called "Jim." That folder was created and populated by a user, not by automatic background operations of the computer itself. "Pictures had to have been placed in there . . . . [d]rag and drop, copy, paste, however you want to do it." Trial Tr. (doc. 55) at 147:5-24. Placing pictures in a folder unquestionably is exerting dominion and control.[1] *See generally United States v. Flyer*, 633 F.3d 911, 919-20 (9th Cir. 2011); *United States v. Navrestad*, 66 M.J. 262 (C.A.A.F. 2008), *followed in Flyer*, 633 F.3d at 919; *United States v. Kuchinski*, 469 F.3d 853, 863 (9th Cir. 2006); *United States v. Romm*, 455 F.3d 990, 994-96, 1000-01 (9th Cir. 2006). Further, Cnockaert's decision to use others' computers at work to view child pornography established his knowledge that a computer would indeed retain recoverable, recognizable images in

---

[1] Cnockaert does not suggest he could have proved an affirmative defense under 18 U.S.C. § 2252A(d). Given his long course of conduct, the attempt would have presented a "basket of cobras" problem. *Gerlaugh v. Stewart*, 129 F.3d 1027, 1035 (9th Cir. 1997).

internet cache. He also deliberately sought out child pornography by using internet search terms likely to locate it. Order of Dec. 11, 2009 (doc. 46), at 5-7.

As for sentencing, "[i]n the electronic context, a person can receive and possess child pornography without downloading it, if he or she seeks it out and exercises dominion and control over it." *Romm*, 455 F.3d at 998. Cnockaert conducted multiple internet searches over a period of months, and he used multiple computers other than his own to do it. He acknowledged he had a problem. Agent Salacinski found on Cnockaert's laptop 18 images in internet cache, one image saved to the hard drive, and, in unallocated space, search terms designed to locate child pornography. Presentence Report ¶ 11. Just as a sentencing court is not limited to counting drugs that are physically present, the images counted against Cnockaert in this case did not have to be readily available to a viewer on the computers only Cnockaert was known to have used. The evidence in the case was sufficient to conclude by a preponderance of the evidence that Cnockaert, in the course of all his conduct, exerted dominion and control over an absolute minimum of at least ten images of child pornography. Presentence Report ¶¶ 3-13, 22, 33; U.S.S.G. § 2G2.2(b)(7)(A).

These central facts of the case are not affected by the contents of the attachment to Cnockaert's § 2255 motion. Cnockaert emphasizes that "a user would have to be very advanced to actually control the browser cache files outside of the

Firefox web browser." Attachment (doc. 82-1) at 11. But neither the conviction nor the sentence depended on Cnockaert's ability to pull images out of internet cache and view them. While it undoubtedly is "impossible to show that all of the files in the Firefox cache were actually viewed," *id.*, the law did not require such a specific showing. As an example, clearing internet cache after viewing child pornography online is an exertion of dominion and control over the images, and it does not require a particularly sophisticated user. For the reasons set forth above, the evidence was sufficient to support Cnockaert's conviction and sentence. There is no possibility, much less a reasonable probability, that either the verdict or the sentence would have been different even if counsel had introduced into evidence the contents of the attachment. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).  But the standard is not satisfied here.  The evidence proffered by Cnockaert would not affect either his conviction or his sentence.  A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Cnockaert's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 82) is DENIED;

2.  A certificate of appealability is DENIED.  The Clerk of Court shall immediately process the appeal if Cnockaert files a Notice of Appeal;

3.  The Clerk of Court shall ensure that all pending motions in this case and in CV 12-76-BU-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Cnockaert.

DATED this **29** day of January, 2013.

Donald W. Molloy
United States District Court